UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IN RE:

Chapter 13 Case No: 1-19-40816-nhl

NOTICE OF MOTION

TRISTAN BENOZER,

                                  Debtor(s).
------------------------------------------------------------X

               PLEASE TAKE NOTICE, that upon the within application, the Chapter 13 Trustee will move this Court before the Honorable Nancy Hershey Lord, U.S. Bankruptcy Judge, at the United States Bankruptcy Court, Brooklyn Courthouse, 271-C Cadman Plaza East, Brooklyn, New York, Courtroom 3577, on February 16, 2022 at 9:30 A.M., or as soon thereafter as counsel can be heard, for an Order pursuant to 11 U.S.C. §1329 and Fed. R. Bankr. P. 3015(h) modifying the Debtor's confirmed Chapter 13 Plan, and for such other and further relief as the Court may deem just and proper.

               **PLEASE TAKE FURTHER NOTICE, that any hearing on the within application will be held telephonically only.  No in-person hearing will be held in the Courthouse.**

               Parties appearing telephonically for the hearing must comply with the Judge's Procedures During National Emergency (COVID-19), available at https://www.nyeb.uscourts.gov/content/judge-nancy-hershey-lord, and contact the Courtroom Deputy at nhl_hearings@nyeb.uscourts.gov at least 24 hours in advance of the scheduled hearing to identify the parties that will appear, as well as an email address where all appearing parties may be reached.

               **Dial-in Instructions**:

1.      Dial in Number 888-363-4734
2.      Access Code – 4702754
3.      Announce who you are each time before speaking
4.      Avoid the use of a speaker phone (use a landline if possible)
5.      All persons not speaking should mute their phones
6.      Speak up and enunciate so that you can be heard and understood

PLEASE TAKE FURTHER NOTICE, that the hearing on the within application may be continued or adjourned from time to time without further notice other than an announcement of the adjourned date at the hearing.

Responsive papers shall be filed with the Bankruptcy Court and served upon the Chapter 13 Trustee, Krista M. Preuss, Esq., no later than 7 days prior to the hearing date set forth above. Any responsive papers shall be in conformity with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Eastern District of New York, and indicate the entity submitting the response, the nature of the response, and the basis of the response.

Date:   Jericho, New York
      January 20, 2022                           */s/ Nathan Kaufman*
                                                Nathan Z. Kaufman, Staff Attorney for
                                                  KRISTA M. PREUSS, CHPT. 13 TRUSTEE
                                                  100 Jericho Quadrangle, Ste 127
                                                  Jericho, NY 11753
                                                  (516) 622-1340

F.R.B.P. 3015(h) SUMMARY OF MODIFICATION

1. The Debtor's Amended Chapter 13 Plan, dated October 11, 2019 and reflected on the Court's docket as Doc. No. 16, is incorporated herein by reference.  The Trustee seeks to modify that Plan as follows.
2. The Modified Plan shall provide for a 100% distribution to allowed general unsecured claims.
3. The Modified Plan's schedule of Plan payments to the Trustee shall provide for payments to increase as of February 2022 to the amount of $5,600 per month, for the remaining 25 months of the Plan period.

Return Date and Time:
FEBRUARY 16, 2022, 9:30 A.M.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X     Chapter 13 1-19-40816-nhl
IN RE:

TRISTAN BENOZER,

                                                    APPLICATION
                              Debtor(s).
-------------------------------------------------------------X

TO THE HONORABLE NANCY HERSHEY LORD, U.S. BANKRUPTCY JUDGE:

        Nathan Z. Kaufman, Esq., staff attorney for the Chapter 13 Trustee in the above-captioned estate, respectfully represents the following:

        1.      The Debtor filed a petition under the provisions of 11 U.S.C. Chapter 13 on February 11, 2019.  Thereafter, KRISTA M. PREUSS was duly appointed and qualified as Trustee.

                                        Procedural History

        2.      The Debtor's Amended Chapter 13 Plan, dated October 11, 2019 and reflected on the Court's docket as Doc. No. 16 (hereinafter the "Plan"), was confirmed by Order entered August 17, 2019 at Doc. No. 23 (hereinafter the "Confirmation Order").

        3.      The Plan provides for monthly payments of $800 for 8 months; then $906 for 52 months, for a total Plan period of 60 months.  Part 5 of the Plan provides for minimum distribution of 21% on general unsecured claims.  Section 2.2 of the Plan provides that Debtor will provide income tax returns and pay income tax refunds to the Trustee each year by April 15 and June 15, respectively.

        4.      As of the time of the hearing on confirmation, the Trustee projected that the Plan would pay approximately $48,161 to general unsecured creditors, or approximately 31.5% to the total general unsecured claim pool of $152,703.82.

        5.      As of the date of this Motion, the Debtor is in arrears on Plan payments in the amount of $4,141 through January 2022, inclusive of $3,239 in tax refunds for tax year 2020.  The current balance on claims is $125,923.41, and the Trustee calculates approximately $139,901.82 in future Plan payments would be required to pay all claims in full.

        6.      The Debtor's budget comprises Schedule I, filed with the Debtor's petition and schedules at Doc. No. 1, and an amended Schedule J, filed at Doc. No. 21.  The Debtor's budget indicates gross monthly wages of $9,780 and tax withholding of $2,037, for a total net wage of $7,743.  The budget also includes $3,097 of additional tax expenses and $3,642 in other monthly expenses, for a monthly net income of $1,004.

<u>Debtor's Tax Returns</u>

7.      The Debtor's 2018 income tax returns were provided to the Trustee pre-confirmation, and the Debtor's 2019 and 2020 income tax returns were provided to the Trustee after the hearing on confirmation pursuant to section 2.2 of the Plan.  The data in the following table was copied by the undersigned from the Trustee's database, and was entered into that database in the ordinary course of business, upon review of the aforementioned tax returns.  The "Income" column lists gross taxable income (i.e., excluding pre-tax retirement contributions for 401(k) plans, 403(b) plans, et al.).  The "Refund Amt Due Trustee" column lists the sum of overpayments shown on Debtor's federal and state tax returns, with tax amounts due showing as negative.

| Tax Year | Income | Refund Amt Due Trustee |
|----------|-----------|------------------------|
| 2018 | 148,104.00 | -7,222.00 |
| 2019 | 157,178.00 | 3,230.00 |
| 2020 | 201,491.00 | 3,239.00 |

8.      The Debtor's 2020 income tax represents an annual increase in taxable income of $53,387.  Upon information and belief, this increase resulted from changes in Debtor's employment position.

9.      As of 2020, the Debtor's gross monthly taxable income was $16,791 per month. The Debtor's 2020 tax returns indicates total federal tax obligations of $41,444, and total state tax obligations of $12,403, for a total of $53,847 annual tax obligations, or $4,487.25 per month. Debtor's take-home wage was therefore approximately $12,303.75.

<u>Argument – Plan Payments Should Increase</u>

10.      The Debtor's after-tax, take-home wage for 2020 exceeds that on Schedule I by more than $4,560.  In addition, upon information and belief, the Debtor's additional tax expense of $3,097 per month, as appears on Schedule J, was no longer applicable as of 2020.  After deduction of the Debtor's other Schedule J expenses, in the amount of $3,642, from the Debtor's take-home wages of approximately $12,303.75, the Debtor's net monthly income for 2020 was approximately $8,661.75.

11.      The Debtor's income is property of the Estate pursuant to §1306.  It therefore appears that Debtor had $8,661.75 of monthly income, or $103,941 per year and $207,882 total, that should have been, but was not, committed toward payment of his creditors under the Plan. This amount, which is property of the Debtor's Estate, exceeds the estimated amount of plan payments required to pay all claims in full ($139,901.82).  As the property of the Estate is sufficient to pay all claims in full, the Plan should be modified to provide for 100% distribution to general unsecured creditors.

12.      In addition, the Debtor's increased income and reduced expenses going forward also independently justifies an increase in Plan payments.

13.     The undersigned represents that no creditors will be negatively affected by the relief sought in this application, and requests waiver of service upon creditors as provided in Fed. R. Bank. P. 3015(h).

WHEREFORE, the Chapter 13 Trustee respectfully requests that this Court enter an Order modifying the Debtor's Chapter 13 Plan, and for such other and further relief as the Court may deem just and proper.

Dated: Jericho, New York
          January 20, 2022

                                        /s/ *Nathan Kaufman*
                                        Nathan Z. Kaufman, Staff Attorney for
                                        Krista M. Preuss, Chapter 13 Trustee

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X      Chapter 13 Case No: 1-19-40816-nhl
IN RE:

TRISTAN BENOZER,

CERTIFICATE OF SERVICE

Debtor(s).
-----------------------------------------------------------X

        I, Kristin Wenze, declare under penalty of perjury that I have sent the attached document(s) to the below listed entities in the manner shown, and prepared or reviewed this Certificate of Service and that it is true and correct to the best of my information and belief.

Notice by first class mail was sent to the following persons/entities:

Tristan J Benozer                                 Glenn L. Kantor
12 Rue Frochot                                  12 Oak Street
Paris, France 75009                         Westhampton Beach, NY 11978

Tristan J Benozer
800 6th Ave., #25A
New York, NY 10001

Notice by electronic transmission generated by the ECF system to the following persons/entities pursuant to Bankruptcy Rule 9036:

GLENN L KANTOR, Esq., send2kantorlaw@gmail.com

This January 20, 2022

/s/ Kristin Wenze
Kristin Wenze, Paralegal
Office of the Standing Chapter 13 Trustee
Krista M. Preuss, Esq.
100 Jericho Quadrangle, Ste 127
Jericho, NY 11753
(516) 622-1340

Index No: 1-19-40816-nhl
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

IN RE:

TRISTAN BENOZER,

Debtor(s).

## NOTICE OF MOTION AND APPLICATION

KRISTA M. PREUSS, TRUSTEE
100 Jericho Quadrangle, Ste. 127
Jericho, NY 11753
(516) 622-1340